## Richmond.

LESTER v. PEDIGO.

JANUARY 12th, 1888.

Absent, Lewis, P.

1. PRACTICE AT COMMON LAW—*Mechanics' Liens—Proceedings.*—Where verified account of number and price of materials furnished is filed with claim for lien on certain building " with so much land therewith as shall be necessary for convenient use of the premises," and notice is served of claim for lien and of motion to enforce the same at first day of next term, and the motion was on that day docketed and continued until 6th day of term, when it is heard, the proceedings conform to the statute, and are regular.
2. IDEM—*Sale for cash.*—It is proper to decree sale for cash enough to pay the amount of lien when that amount is but a small proportion of the value of the whole property.
3. CONTRACTS—*Construction.*—Where plaintiff contracted to furnish brick at agreed price per thousand, he cannot be required to estimate the number by measurement of the cubic feet and allowance of a certain number to the cubic foot.

Appeal from decree of circuit court of Henry county rendered 14th October, 1885, in a proceeding by A. L. Pedigo, plaintiff, against Henry C. Lester, defendant, to enforce a mechanic's lien for three hundred and twenty-four thousand brick, at ten dollars and fifty cents per thousand, on a certain brick factory, &c. From the decree in favor of plaintiff, defendant appealed to this court. Opinion states the case.

*Whittle & Anderson* and *Guy & Gilliam,* for the appellant.

*A. P. Staples*, for the appellee.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Henry county, rendered at the October term, 1885. The case was a motion in the county court under the mechanic's lien law. The appellant and the appellee entered into a contract on the twenty-first of May, 1884, by which the appellee agreed to lay the brick which he was to make into the walls of a tobacco factory and machine shop, the size of the building to be thereafter given, and Lester, the appellant, agreed to pay to Pedigo, the appellee, "ten dollars and fifty cents per thousand, actual count, of brick in said walls," said amount to be paid as soon as the brick-work was completed. And the agreement sets forth the object of Lester to have built a first-class tobacco factory and machine shop on his land in the town of Martinsville, and the object of Pedigo was stated to be "the just consideration of $10 50 per thousand for the amount of brick in said building," and the tobacco factory was to be completed by the fifteenth day of October next, 1884, and Pedigo was to furnish the brick, lime, sand, etc. The machine shop was dispensed with by the parties, but Pedigo completed the factory, and filed his claim in the clerk's office under the mechanics' lien law on the seventh day of October, 1884, and gave notice to enforce the same by motion before the county court on the first day of the November term following. The court began its November term on the tenth day of November, and the said motion was called and docketed on that day, and regularly continued from day to day until the fifteenth day of the month, and sixth day of the term, when the defendant moved to quash, and demurred to the proceedings as is stated, which motion the court sustained, and dismissed the motion, with costs. Upon appeal, the circuit court reversed the said order of the county court, and placed the case upon its docket, where it

was tried, and a decree rendered for the plaintiff for the amount of his claim. There was thereupon an appeal to this court from the said decree.

No sufficient reason is assigned for the decision of the county court, and the action of the circuit court was plainly right in overruling the same, as the proceedings appear to have been perfectly regular. The next assignment of error in the decree complained of relied on here is that the same was contrary to the evidence. It is admitted that the evidence is conflicting, and it is distinctly so. The plaintiff insisted that agreement was as set forth above; that by the contract, the plaintiff was to receive $10 50 per thousand for the bricks laid in the walls, actual count of said brick in said walls, and $10 50 per thousand for the brick in said building. It was claimed by the defendant that this count was to be made by measurement of the cubic feet, and a certain number of bricks were allowed to the cubic foot, and that Pedigo's bricks were of smaller size, and would not come up to the standard measurement. This was controverted on the other hand, and the plaintiff proved that his brick were of the usual size in that locality; that some brick were burnt harder, and so would be smaller than others, but that the defendant knew well the size of his bricks, and by the contract the bricks in the walls were to be paid for at the price of $10 50 per thousand. The principles upon which this appeal must be considered here, are well understood. The evidence is conflicting, and the plaintiff has prevailed in the lower court. The decree rendered in his favor by that court is not only not without evidence, but is in accordance with the evidence adduced on the prevailing side. The signification sought to be given to the terms of the contract, prescribing $10 50 per thousand for the bricks, "actual count of brick in said walls," and "$10 50 per thoussand for the amount of brick in said building," as to the measurement and the requisite number of bricks by the usual standard, appears to be excluded by the terms of the contract. The

parties did not agree to be bound by any measurement, usual or unusual, however well understood among brick-men. Their contract was for "$10 50 per thousand for actual count of brick in said walls,"—"for the amount of brick in said building." This agreement is plain and distinct, and is in no way uncertain, and the terms of the contract have been enforced in court below, and in that there was no error.

The decree for the sale of the property for cash enough to pay the debt of the plaintiff was not a sale of the whole property for cash, as the said debt constitutes but a small part of the value of the building, and does not violate the ruling of this court in *Pairo* v. *Bethell*, 75 Va., 833.

We think there is no error in the decision of the court below, and the same must be affirmed.

HINTON, J., dissented.

DECREE AFFIRMED.